Date Signed:
November 5, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>PERFECTO RODRIGUEZ INCIONG, JR.,<br><br>        Debtor. | Case No. 14-01056<br>Chapter 13<br><br>Re: Docket No. 2 |

## MEMORANDUM OF DECISION
## REGARDING PLAN CONFIRMATION

    This decision considers the rights of a mortgagee in a "chapter 20" case.

    Mr. Inciong filed a chapter 13 case in 2010 (case no. 10-00645). He filed a plan but elected to dismiss the case before confirmation.

    Later in 2010, he filed a chapter 7 case (case no. 10-02858). At the time, he owned two properties in Aiea, a condominium unit in the Terraza project on Green Street and another property on Halawa Heights Road. In the chapter 7 case, the Association of Apartment Owners of Terraza ("AOAO") obtained relief from the automatic stay to foreclose its lien. The AOAO later completed a foreclosure and sold the property to itself in 2011 (dkt. no. 30-3 in case no. 11-1529). Mr. Inciong

received his chapter 7 discharge on December 29, 2010.

In May 2011, Mr. Inciong filed his second chapter 13 case (case no. 11-01529). He proposed a plan that called for the surrender of the Green Street condominium. The court confirmed the plan, but Mr. Inciong could not comply with it, so the case was dismissed in August 2013.

In August 2014, Mr. Inciong filed this case, which is his third case under chapter 13. He proposed a plan, apparently to deal with defaults on the mortgage encumbering the Halawa Heights Drive property and large amounts of delinquent federal and state taxes.

Ocwen Loan Servicing, LLC ("Ocwen"), objects to confirmation of the plan. Ocwen says that it is the loan servicer for the holder of the first mortgage on the Green Street condominium and argues that the plan does not properly address its secured claim.

"An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . ."[1] Mr. Inciong has not owned any interest in the Green Street condominium since 2011. Therefore, Ocwen's mortgage lien does not attach to "property in which the estate has an interest," and

---

[1] 11 U.S.C. § 506(a).

U.S. Bankruptcy Court - Hawaii   #14-01056   Dkt # 21   Filed 11/05/14   Page 2 of 3

Ocwen has no secured claim.

Although Ocwen does not object to the plan's treatment of unsecured claims, Mr. Inciong correctly points out that Ocwen has no unsecured claim. Mr. Inciong's chapter 7 discharge eliminated his personal liability to Ocwen and thus extinguished any liability for a deficiency judgment.[2]

Therefore, Ocwen's objection is overruled. Counsel for the debtor or the trustee is directed to submit a confirmation order in the usual form.

**END OF MEMORANDUM**

---

[2] 11 U.S.C. §§ 524(a)(1), (2); *Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991) ("[T]he creditor may . . . sue to establish the debtor's in personam liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally. A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation." (citations omitted)); *Isom v. United States (In re Isom)*, 901 F.2d 744, 745 (9th Cir. 1990) ("[A] discharge in bankruptcy prevents the [creditor] from taking any action to collect the debt as a personal liability of the debtor . . . . [H]owever, [the debtors'] property remains liable for a debt secured by a valid lien.").

U.S. Bankruptcy Court - Hawaii   #14-01056   Dkt # 21   Filed 11/05/14   Page 3 of 3